UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------

GARO ALIKSANYAN,

        Plaintiff,

    v.

VERIZON, N.Y. STATE PUBLIC SERVICE
COMMISSION and FEDERAL
COMMUNICATIONS COMMISSION,

        Defendants.

NOT FOR PUBLICATION

**ORDER**
17-CV-394 (MKB)

----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

  Plaintiff Garo Aliksanyan, proceeding *pro se*, commenced the above-captioned action on September 20, 2016, against Defendants Verizon, the New York State Public Service Commission and the Federal Communications Commission in Civil Court of the City of New York, County of Queens. (Notice of Removal, Docket Entry No. 1; State Ct. Compl., annexed to Notice of Removal as Ex. A.) The Federal Communications Commission removed the action to this Court on January 15, 2017. (Notice of Removal 1.) Plaintiff alleges that Defendants acted unlawfully when they denied his "recertification" for "Lifeline Program landline telephone" service. (Am. Compl. 1, 6–10, Docket Entry No. 9.) Plaintiff alleges that Defendants actions violated his rights under the First, Fifth and Fourteenth Amendments of the United States Constitution, Articles One and Six of the New York State Constitution, and numerous other New York state laws. (*Id.* at 2.) Plaintiff seeks damages and declaratory relief. (*Id.* at 3, 12–13.)

  On April 5, 2017, Plaintiff filed a motion to certify a class, consisting of "the tens of thousands, perhaps hundreds of thousands of similarly situated qualified Lifeline New York State applicants" who are unable "to seek redress from the courts." (Pl. Mot. to Certify a Class

("Pl. Mot."), Docket Entry No. 14; Pl. Aff. in Supp. of Pl. Mot. ¶ 2, annexed to Pl. Mot.) Plaintiff, however, is proceeding *pro se* and therefore may not prosecute a class action as lead counsel and serve as the class representative. *See Rodriquez v. Eastman Kodak Co.*, 88 F. App'x 470, 471 (2d Cir. 2004) ("Although plaintiffs have a right to proceed *pro se* in civil actions . . . , a *pro se* plaintiff may not seek to represent the interests of third-parties. Moreover, it is well established that a *pro se* class representative cannot adequately represent the interests of other class members." (citing *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998))); *Iannaccone*, 142 F.3d at 558 (holding that "because *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause . . . [but] must be litigating an interest personal to him"); *Phillips v. Tobin*, 548 F.2d 408, 413 (2d Cir. 1976) ("Ability to protect the interests of the class depends in part on the quality of counsel, and we consider the competence of a layman representing himself to be clearly too limited to allow him to risk the rights of others." (citation omitted)); *Bank v. Caribbean Cruise Line, Inc.*, No. 12-CV-5572, 2014 WL 4258932, at *2 (E.D.N.Y. Aug. 27, 2014) ("Indeed it is well settled in this Circuit that 'a *pro se* plaintiff may not bring an action in which he will serve as both class representative and class counsel.'" (quoting *Jaffe v. Captial One Bank*, No. 09-CV-4106, 2010 WL 691639, at *10 (S.D.N.Y Mar. 1, 2010))).

Accordingly, the Court denies Plaintiff's motion to certify a class based on his legal inability to represent the class.

SO ORDERED:

_____s/ MKB_____
MARGO K. BRODIE
United States District Judge

Dated: April 10, 2017
       Brooklyn, New York